Shirley, &c., vs. Landram.

CASE 26—PETITION ORDINARY—JUNE 18.

# Shirley, &c., vs. Landram.

APPEAL FROM GALLATIN CIRCUIT COURT.

1.  In an action in the Gallatin circuit court against the captain and owners of a steamboat to recover damages for the loss of a slave, unlawfully carried on said boat from said county to Cincinnati, process was served on the captain in Gallatin county, and on the owners in Jefferson county. After the death of the captain and abatement of the suit as to him, the Gallatin circuit court still had jurisdiction of the action under the amendment of 1860 to section 85 of the Civil Code.

2.  In an action against the owners of a steamboat for damages for the removal of a slave, the defendants failing to appear or answer, the court heard proof of the damages sustained by the plaintiff, and thereupon rendered judgment against the defendants for five hundred dollars. *Held*—That the provisions of section 419 of the Civil Code do not embrace this case, but that sections 451, 454, require, that, in an action like this, the damages shall be assessed by a jury, and that the circuit court erred in rendering the judgment for damages without the finding of a jury. (*Revised Statutes, sections* 3, 4, *chapter* 7.)

HAMILTON POPE,                                    For Appellants,

CITED—

*Revised Statutes, sec.* 3, *chap.* 7, 1 *Stanton*, 203.
*Civil Code, secs.* 451, 454, 455.


J. J. LANDRAM,                                    For Appellee,

CITED—

*Revised Statutes, sec.* 3, *chap.* 7, 1 *Stanton*, 203.
*Civil Code, secs.* 108, 85, 104, 106, 399, 402, 419, 455, 264, 409, 451, 221, 222.
*Acts of March* 8, 1856, *and Feby.* 6, 1860.
7 *Wheaton*, 530; 1 *Watts*, 229; 8 *Greenleaf*, 128.

Shirley, &c., vs. Landram.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

This was an ordinary action in the Gallatin circuit court against the appellants, as the owners of the steamboat General Lytle, and H. Godman, the captain of the boat, to recover damages for the loss of a slave of the appellee, named Sandford, who, as is alleged in the petition, was taken on board of said boat at Warsaw, in said county, and thence conveyed to Cincinnati, Ohio, without the plaintiff's written or verbal consent, and without himself, or any other person, having the right to control the slave, being a passenger on the boat, whereby the slave escaped from the plaintiff's service and became a loss to him.

A summons against the defendants was executed, by the sheriff of Gallatin county, on Godman only. The other defendants were served with process in Jefferson county; but it does not appear that any of the defendants resided in Gallatin county, or appeared in the action; and, on the 21st day of September, 1866, the plaintiff suggested the death of Godman, and, on his motion, the action, as to Godman, was abated. And, at a subsequent day of the same term of the court, the judge proceeded to hear proof of the damage sustained by the plaintiff, and thereupon rendered a judgment against the appellants for five hundred dollars.

That judgment is before us for revision on this appeal.

Although, at the time the judgment was rendered, neither of the defendants then before the court had been served with process in Gallatin county, yet, as the cause of action set forth in the petition was the commission of a tort in Gallatin county by the appellants, or their agents in the navigation and government of their boat, the court had jurisdiction to try the case, according to section 85 of the Civil Code, as amended in 1860.

But it is contended for the appellants that the court transcended its authority in rendering the judgment for damages without the intervention of a jury.

The personal liability of the owners and captain of the boat, sought to be enforced, is prescribed by the 3d section of chapter 7 of the Revised Statutes; and the 4th section of that chapter provides, that, in a proceeding in chancery, under the preceding sections, the damages shall be ascertained by a jury.

It is insisted, however, for the appellee, that the mode of proceeding to enforce the right of action conferred by the statute is regulated by the Civil Code of Practice, and that section 419 of the Code, authorizing the court, in certain cases, to assess special damages given by statute, is applicable to this case.

But, if it is true that the manner of proceeding directed by the statute is superseded by the provisions of the Code upon the same subject, we are, nevertheless, of the opinion, that said 419th section of the Code does not embrace this case; but that the proceeding is governed by the provisions of the 2d chapter of title 10 of the Code, which obviously require, that, in an action like this, the damages shall be assessed by a jury. (*Sections* 451, 454.)

It seems to us, therefore, that the court erred in rendering the judgment for damages without the finding of a jury.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings, not inconsistent with this opinion.